## COUNTY OF HANCOCK.

### PERKINS & al. versus JORDAN.

It is competent for a witness, by his own testimony, to show that he was an agent of the party calling him as a witness; and also to show, that in the business of the agency, he conformed to the authority given him.

Upon a dispute as to the contract upon which a shipmaster sailed a vessel, evidence is admissible to prove the custom in such business.

ON EXCEPTIONS from *Nisi Prius*, HOWARD, J., presiding. ASSUMPSIT.

The plaintiffs owned a schooner, which the defendant sailed as master. It became a question whether the defendant was on hire by the month, or whether he took the vessel on shares.

The plaintiffs offered the deposition of one Varnum to show, that he had verbal authority from the plaintiffs to let the vessel on shares, and that he did accordingly so let her to the defendant.

The defendant objected to the admission of the deposition on the ground of interest in the deponent; but it was admitted.

The plaintiffs offered several other depositions to show, that the general custom was for masters to take such vessels on shares. These depositions too were received, although objected to.

The verdict was for the plaintiffs and the defendant excepted.

*J. A. Peters,* for the defendant.

Varnum was interested. The plaintiffs allowed him to make a particular contract. He made, as the defendant contends, a different contract. If he did so, he exceeded his authority. If the plaintiffs cannot hold the defendant to the bargain, which they authorized Varnum to make, they can hold Varnum for exceeding his authority. It was, therefore, Varnum's interest to testify, that the contract which he made with the defendant, was within the scope of his authority.

The proof of custom was inadmisible : —

1. Because the law in such cases, or the contract really made, must govern. *Amee* v. *Wilson,* 22 Maine, 120.

2. Because it was alleged and attempted to be proved, there was a contract in the case, and therefore usage had nothing to do with it. It was inconsistent with the plaintiffs' allegation; was irrelevant, and only tended to mislead the jury. It should be determined by the contract itself.

If the defendant had taken the vessel *without contract,* usage might have an influence in deciding the principles upon which he should account.

It will do to explain an act, only when no explanation of it is found in the other parts of the testimony. A contract made between the parties better informs us of their understanding, than any usage can.

A contract is the higher testimony, more certain; and is conclusive, whether usage agrees with, or differs from it. Why then should evidence of usage in such a case be admitted? May it not tend to vary and contradict? Will it

not tend to make a contract for parties, variant from that agreed upon by themselves.

We do not perceive how such testimony can be received where a contract is alleged, and attempted to be proved.

3. Because there was no evidence that such usage is certain, general, frequent, and so ancient as to be generally known and acted upon. *Leach* v. *Perkins*, 17 Maine, 462.

*H. Williams,* for the plaintiffs.

RICE, J. — There are two questions only, raised by the exceptions. 1st, whether Varnum was a competent witness; and 2d, whether the evidence of custom was admissible.

Varnum had been the former master of the schooner, and his deposition was offered to prove that he hired the defendant to take the vessel upon shares, and that he had authority from the owners to do so.

An agent is a competent witness to prove the contract, and also to prove his own authority, if it be by parol. 1 Greenl. Ev. § 416. He is safely admitted in all cases to prove he acted according to the directions of his principal, and within the scope of his duty. Ib. § 417. It is not perceived that he was interested in the event of the suit. His deposition was, therefore, properly admitted. The evidence as to custom was admissible to explain the acts of the parties, and to enable the jury to determine whether those acts amounted to a hiring on shares, or simply to the appointment of a master. *Thompson* v. *Hamilton,* 12 Pick. 424. It may deserve consideration, whether the plaintiff had any occasion to resort to proof of custom. But if such custom existed, it is consistent with the contract, and the proof of its existence is not in our judgment liable to any legal objection. *Emmons* v. *Lord,* 18 Maine, 351. *Exceptions overruled,*
*judgment on the verdict.*

SHEPLEY, C. J., and WELLS, HATHAWAY and APPLETON, J. J., concurred.